U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

NOV 0 1 2007

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TRAVIS J.  RICHARDSON** | **CIVIL ACTION NO.  07-CV-1616;** <br> **Sec. "P"** |
| **VERSUS** | **JUDGE ~~DRELL~~ Trimble** |
| **MAYOR DINO THORNTON, ET AL** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Travis J.  Richardson, filed on September 25, 2007, *in forma pauperis*.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is currently housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana.  Plaintiff names as defendants Mayor Dino Thornton, Colonel Henry Whitehorn, Colonel Stanley Griffen, Deputy Sheriff James E. Jordan, Richard Stalder, Corrections Corporation of America ("CCA"), Warden Timothy Wilkinson, Assistant Warden Morgan, Assistant Warden Martin, Virgil Lucas, Nicole Walker, Assistant Chief Tommy Glover, Carl Coleman, Officer Gaskil, Pat Thomas, Nurse Coleman, Mona Heyse, and Ms. Smith.  Richardson claims that the defendants are liable for failing to protect Plaintiff from an attack by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and a standing order of the court.

## FACTUAL BACKGROUND

Plaintiff claims that, on the evening of July 9, 2007, he went to the law library, where no security officers were present. Plaintiff sought the help of "inmate counsel" several times, but the inmate refused to help Plaintiff.[1] Plaintiff presented "inmate counsel" Barrier with a list of cases he wanted Barrier to pull for him, and Barrier responded by stabbing Plaintiff in the face with an ink pen. According to Plaintiff, he and Barrier then began to fight.

Plaintiff filled out a sick call request at 1:00 a.m. on July 10, 2007, regarding his wound from the ink pen. On July 14, 2007, Plaintiff submitted another request because he had not been examined yet. Finally, on July 17, 2007, after complaining to security about the lack of medical attention, Plaintiff was sent to the medical department and was examined by Nurse Coleman. However, he complains that the nurses refused to administer pain medication to him. Plaintiff submitted another sick call request on July 23, 2007, and was seen on July 28, 2007. Again, Plaintiff was not given any pain medication.

Plaintiff also alleges that on July 25, 2007, and August 1, 8, 11, and 14, 2007, he requested mental health services. Ms. Smith

---

[1]Plaintiff filed a civil rights action claiming that he was denied access to the courts due to limited time allowed in the law library and "inmate counsel's" refusal to help Plaintiff with legal research. The claim was dismissed under 28 U.S.C. §1915(e)(2)(B). Docket No. 07-CV-0852.

2

advised Plaintiff that he had been scheduled to be seen and she was unsure as to why Plaintiff was not called.  She stated that the appointment would be rescheduled.

According to Plaintiff, the assault did not become known to the administration until July 17, 2007, when Carl Coleman conducted an investigation into the matter.  Plaintiff complains that Coleman's investigation was improper because he only charged Barrier with the disciplinary violation of "fighting" and not "aggravated fighting."  On July 23, 2007, Plaintiff was brought before Assistant Warden Morgan and Chief Lucas, who, after hearing from Plaintiff, ordered a second investigation into the assault.  Assistant Chief Tommy Glover was assigned to reinvestigate, but the result of his investigation was the same as Coleman's investigation.

## LAW AND ANALYSIS

I.   ADMINISTRATIVE REMEDIES

Plaintiff complains that Mona Heyse, the Warden's designee, improperly rejected Plaintiff's ARP regarding the attack by Inmate Barrier and the ARP regarding defendants' failure to charge Barrier with further disciplinary violations.

As Plaintiff was advised in his previous civil rights case, 1:07-CV-852, inmates do not have a constitutionally protected right

3

to a grievance procedure.[2]  "A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it.   42 U.S.C. 1997e(b)." Bradford v. Kuykendall, 2005 U.S. Dist. LEXIS 32350, 2005 WL 1521016, 5 (E. D. Tex.).   Thus, Plaintiff's claim against Mona Heyse is frivolous and should be dismissed.

II.  CHARGES AGAINST INMATE BARRIER

Plaintiff complains that Coleman conducted an insufficient investigation into the assault because Barrier was only charged with the disciplinary violation of "fighting" rather than "aggravated fighting."   Plaintiff claims that Wilkinson was deliberately indifferent by failing to timely address an ARP that was pending at the time of the assault regarding Barrier's vendetta

---

[2]  See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); Reneau v. Dretke, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

and refusal to assist Plaintiff with legal research.  Plaintiff
also claims that Assistant Warden Morgan, Assistant Warden Martin,
and Officer Lucas acted with deliberate indifference by not
charging Barrier with a more serious violation of aggravated
fighting or assault and by failing to move Barrier to segregated
housing away from Plaintiff.  Similarly, Plaintiff claims that
Mayor Dino Thornton, Col. Henry Whitehorn, Col. Stanley Griffen,
Sheriff James Jordan, Richard Stalder, and CCA were all informed by
Plaintiff on July 26, 2007, that WCC officials failed to charge
Barrier with assault or aggravated fighting, and they did nothing.

    Plaintiff has absolutely no constitutional right to have
disciplinary or criminal charges brought against another inmate.
First, prison administrators are accorded wide-ranging deference in
the adoption and execution of policies and practices that, in their
judgment, are needed to preserve internal order and discipline and
to maintain institutional security.  See Bell v. Wolfish, 441 U.S.
520, 547-548 (U.S. 1979)(citations omitted).  Such considerations
are within the province and professional expertise of corrections
officials, and courts should ordinarily defer to their expert
judgment in such matters.  See id., citing Pell v. Procunier, 417
U.S. 817, 827 (1974); see also McDuffie v. Estelle, 935 F.2d 682,
689-690 (5th Cir. 1991)(The officials' decision not to bring
charges against inmates has no bearing on the question of whether
Plaintiff was accorded due process, especially given the

long-established wide discretion granted prison officials.)

Additionally, there is no constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). The decision whether or not to bring criminal charges rests solely with the prosecutor. See United States v. Bigham, 812 F.2d 943, 945; United States v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); see also Oliver 914 F.2d at 60. For these reasons, Plaintiff's claims against Coleman, Assistant Warden Morgan, Assistant Warden Martin, Officer Lucas, Warden Wilkinson, Mayor Dino Thornton, Col. Henry Whitehorn, Col. Stanley Griffen, Sheriff James Jordan, and Richard Stalder are frivolous and should be dismissed.

III. FAILURE TO PROTECT

Plaintiff claims that Nicole Walker knew that Barrier had been refusing to provide Plaintiff with legal assistance and she failed to properly supervise inmate counsel. Plaintiff claims that, had Ms. Walker insisted that Barrier assist Plaintiff with his legal research, the assault would not have taken place. [Doc. #1-1, p.9] As stated in Plaintiff's previous civil rights case, 07-cv-852, Plaintiff possesses has no constitutional right to receive legal advice from his fellow inmates. See Shaw v. Murphy, 532 U.S. 223, 229 (2001) (prisoners do not have a "freestanding right to receive legal advice"). The Fifth Circuit has held that there is no right to give or receive legal assistance from a jailhouse lawyer

6

independent of the right of access to the court.  See Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996) (prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed).  Therefore, Plaintiff's claims based on Ms. Walker's failure to "force" Barrier to provide legal assistance to Plaintiff are frivolous.

Plaintiff also claims that the defendants failed to protect him from the assault and are failing to protect him from another assault by Barrier.  First, Plaintiff complains that an ARP was pending at the time of the assault regarding Barrier's vendetta against Plaintiff, evidenced by Barriers refusal to assist Plaintiff with legal matters.  Plaintiff does not allege that he warned officials that Barrier had previously been violent toward Plaintiff or had threatened violence.  Second, Plaintiff claims that defendants are failing to protect him by not moving Inmate Barrier out of Plaintiff's housing unit.

In considering whether an Eighth Amendment violation has occurred, cases look to whether there was a "substantial" or "pervasive" risk of harm.  A "pervasive" risk of harm may not ordinarily be shown by pointing to a single or isolated incidents.  See e.g. Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992) (holding a "pervasive risk" is something more than a single incident).  Plaintiff cites a single incident in which he was

7

attacked by another inmate. An inmate is unlikely to recover under Section 1983 for injuries sustained in an isolated assault unless he can prove that the authorities either "set him up" for the assault or deliberately ignored his repeated and clearly well-founded claims of danger.

There are no allegations that the defendants set Plaintiff up for the attack. While Plaintiff claims that he had a pending ARP regarding Barrier's refusal to assist him in legal matters, there is no claim that the defendants ignored claims of danger prior to the attack. Plaintiff makes a conclusory allegation that, had Ms. Walker or another officer been present, Barrier would not have stabbed Plaintiff. However, Plaintiff has not alleged a history of violence or threats by Barrier; he has not presented any facts or argument to show that the defendants knew or should have known that Barrier was going to attack him. From Plaintiff's allegations, it appears that Barrier's attack came after Plaintiff's repeated demands for legal assistance from Barrier. Plaintiff's failure to protect claim should be dismissed.

III. MEDICAL CARE

Plaintiff complains that Medical Director Pat Thomas was deliberately indifferent in failing to properly supervise medical staff and failing to properly screen sick call requests. Plaintiff complains that Nurse Coleman and Nurse Howard would not prescribe him any pain medication. He also complains of unreasonable delays

8

in obtaining medical care from the time he submits a sick call request and the time he is seen by a nurse.

A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which *results in substantial harm*. See <u>Easter v. Powell</u>, 467 F.3d 459 (5th Cir. 2006), citing <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 195 (5th Cir. 1993). Plaintiff has not alleged a substantial harm, much less shown deliberate indifference. "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). In short, deliberate indifference requires a "showing that the official was subjectively aware of the risk" of serious harm. <u>Id.</u> at 829. Plaintiff did not plead any facts which, if proved, would establish that defendants were subjectively aware of a risk of serious harm and ignored the risk.

Plaintiff's complaint that the defendants failed to provide him with pain medication is without merit. In <u>Woodall v. Foti</u>, 648 F.2d 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that

his medical treatment was as good as it should have been is not a
cognizable complaint under the Civil Rights Act.  Prisoners are not
constitutionally entitled to the best medical care that money can
buy.  Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992), Woodall,
supra.

IV.   INJUNCTIVE RELIEF

In addition to monetary damages, Plaintiff asks that the Court
issue an order to Warden Wilkinson ordering him to separate Inmate
Counsel Leo Barrier from Plaintiff by placing Barrier in
administrative segregation and away from Plaintiff.  He also asks
that the Court order the Louisiana State Police to conduct an
investigation into the assault.

First, to sufficiently allege a case or controversy, the
"plaintiff must show that he 'has sustained or is immediately in
danger of sustaining some direct injury' as the result of the
challenged official conduct and the injury or threat of injury must
be both 'real and immediate,' not 'conjectural' or 'hypothetical'".
City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (citations
omitted).  Plaintiff has not shown a real and immediate threat of
injury.  He has only pointed to an isolated event that occurred
because of a dispute over the "inmate counsel's" services.

Moreover, as discussed herein, prison administrators are
accorded wide-ranging deference in the adoption and execution of
policies and practices that, in their judgment, are needed to

10

preserve internal order and discipline and to maintain institutional security. See Bell v. Wolfish, 441 U.S. 520, 547-548 (U.S. 1979)(citations omitted). Two investigations were conducted into the matter, and Plaintiff has no right to have more severe disciplinary charges or criminal charges brought against Barrier. This Court has no authority to order the State Police to conduct a criminal investigation into the assault with the ink pen.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the**

11

factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

12